*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★  ★ ★ ★

# MEMORANDUM OPINION

No. 04-10-00518-CR

De Marcus **STEADMAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CR-7043B
Honorable Philip A. Kazen Jr., Judge Presiding

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Steven C. Hilbig, Justice
             Marialyn Barnard, Justice

Delivered and Filed: September 1, 2010

DISMISSED

De Marcus Steadman pled nolo contendere to three counts of aggravated kidnapping pursuant

to a plea bargain.  As part of his plea bargain, Steadman signed a separate "Waiver of Appeal."  The

trial court imposed sentence in accordance with the plea bargain and signed a certificate stating that

this "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has

waived the right of appeal."  *See* TEX. R. APP. P. 25.2(a)(2).  Steadman timely filed a notice of

appeal. The clerk's record, which includes the plea bargain agreement and the trial court's Rule 25.2(a)(2) certification, has been filed. *See* TEX. R. APP. P. 25.2(d). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.*

The court gave Steadman notice that the appeal would be dismissed unless an amended trial court certification showing he has the right to appeal were made part of the appellate record within thirty days. *See* TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), *disp. on merits*, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication). Steadman's appointed appellate counsel filed a written response, stating she has reviewed the record and can find no right of appeal. After reviewing the record and counsel's notice, we agree that Steadman does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). We therefore dismiss this appeal. TEX. R. APP. P. 25.2(d).

PER CURIAM

Do not publish